# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRAIG DUSHAW HINES,** | * | |
| Petitioner, | * | |
| v. | * | **Civil Action No.: RDB-16-1752**<br>**Criminal No.: RDB-03-0280** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 4, 2021, this Court granted Defendant Craig Dushaw Hines' Motion to Vacate Conviction under 28 U.S.C. § 2255 (ECF No. 120), which challenged the validity of a 300-month term imposed for a conviction under 18 U.S.C. § 924(c). (ECF No. 131.) Now pending is the Government's Motion for Reconsideration. (ECF No. 133.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Government's Motion for Reconsideration (ECF No. 133) is DENIED.

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins.*

*Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

Petitioner Hines was convicted of conspiracy to commit bank robbery in violation 18 U.S.C. § 371, attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In his § 2255 Petition, Hines specifically challenged the 300-month term of imprisonment imposed for the § 924(c) conviction under the Fourth Circuit's decision in *United States v. Taylor*, 979 U.S. 203 (4th Cir. 2020). In *Taylor*, the Fourth Circuit held that attempted Hobbs Act robbery does not qualify as a "crime of violence" and cannot serve as a predicate offense for a § 924(c) conviction. *Id.* The Court reasoned that *attempted* Hobbs Act robbery "does not invariably

require the use, attempted use, or threatened use of physical force," and "[t]he Government may obtain a conviction for attempted Hobbs Act robbery" by showing that the defendant "intended to commit robbery by means of a threat to use physical force" and that he "took a substantial step corroborating that intent"—a substantial step that need not be violent. *Id.* at 208. In this case, the predicate offense for Hines' § 924(c) conviction was *attempted* armed bank robbery. This Court agreed with Petitioner Hines that for the same reasons attempted Hobbs Act robbery could not serve a predicate offense for a § 924(c) conviction, neither could attempted armed bank robbery. (ECF No. 131.)

In moving for reconsideration, the Government argues that armed bank robbery, in violation of 18 U.S.C. § 2113(d), unlike mere bank robbery, requires the additional element that the defendant "placed another person's life in jeopardy by the use of a dangerous weapon." (ECF No. 133.) The Government argues that *Taylor* does not apply because it is impossible to commit the substantive crime of armed bank robbery that places another person's life in jeopardy by the use of a dangerous weapon by merely "threatening use of force." (*Id.*) However, as the Defendant aptly notes, the Fourth Circuit has held that the act of "[b]randishing weapons during a robbery *threatens* victims and bystanders alike," and is sufficient to support a conviction under § 2113(d) for placing another person's life in jeopardy. *United States v. Whitfield*, 695 F.3d 288, 304 (4th Cir. 2012) (citing *United States v. Bennett*, 675 F.2d 595, 599 (4th Cir. 1982) (emphasis added)). Courts have also upheld convictions under § 2113(d) regardless of whether the defendant's dangerous weapon was even operable. *See United States v. Shelton*, 465 F.2d 361, 363 (4th Cir. 1972) (upholding conviction under § 2113(d) without any proof that an apparent weapon was "in fact operable and loaded during the course

3

of the crime"); *see also United States v. McLaughlin*, 467 U.S. 16, 16-17 (1986) (upholding § 2113(d) conviction where the defendant displayed an unloaded handgun and ordered everyone not to move before taking money and fleeing a blank.).

Given that some courts have upheld convictions for armed bank robbery with the mere threatened use of force, this Court's decision to grant Hines' Petition in consideration of *Taylor*, does not "strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Franchot*, 572 F.3d at 194 (citation omitted). Accordingly, it is HEREBY ORDERED this 23rd Day of June, 2021 that:

1. The Government's Motion for Reconsideration (ECF No. 133) is DENIED;
2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.

                                                                _____/s/_____
                                                       Richard D. Bennett
                                                      United States District Judge