The Law Offices of
**GARY E. PROCTOR, LLC**
8 E. MULBERRY STREET,
Baltimore, Maryland 21202

| | |
|---|---|
| ADMITTED TO PRACTICE IN<br>MARYLAND | TEL: 410.444.1500<br>FAX: 443.836.9162 |

June 25, 2021

The Honorable Richard D. Bennett
United States District Judge
District of Maryland
Northern Division
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *United States v. Craig Hines,* RDB-03-280
                   Joint Request to Reduce Sentence

Dear Judge Bennett:

      I write to advise Your Honor of the parties' joint request for the Court to enter an order amending and reducing Mr. Hines's sentence on Count One, Conspiracy to Commit Bank Robbery, Count Five, Attempted Bank Robbery, and Count Seven, Felon in Possession of a Firearm with an Obliterated Serial Number to time-served. If the Court is inclined to grant this request, the parties agree that a resentencing hearing is not necessary.

      On November 25, 2003, following a trial before this Court, Mr. Hines was convicted of conspiracy to commit robbery, in violation of 18 U.S.C. § 371 (Count One), attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a)&(d) (Count Five), possession of a firearm in furtherance of a "crime of violence" (specifically attempted bank robbery) in violation of 18 U.S.C. § 924(c) (Count Six), and felon in possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(g)(1). Mr. Hines was acquitted of three counts. On March 31, 2004, the Court sentenced Mr. Hines to 202 months as to Count Five, 60 months as to Count One, 120 months as to Count Seven, and 300 months as to Count Six, after finding that Mr. Hines qualified as a career offender under Chapter Four of the U.S. Sentencing Guidelines. Except for Count Seven, all counts were consecutive to each other, resulting in a total sentence of 562 months.

On May 31, 2016, Mr. Hines, through counsel, moved to vacate his § 924(c) conviction in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 120. He supplemented that motion on March 29, 2019 (ECF No. 121), following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and again on October 22, 2020 (ECF No. 128), following the Fourth Circuit's decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). On June 4, 2021, this Court granted Mr. Hines's motion and vacated his § 924(c) conviction. ECF No. 131. On June 23, 2021, this Court denied the government's motion for reconsideration of the June 4, 2021 order. ECF No. 136.

Mr. Hines no longer qualifies as a career offender. At the time of his original sentencing, the Court found that under U.S.S.G. § 4A1.2(a) and *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996), Mr. Hines' 1993 cases from the Eastern District of Virginia accounted for two separate offenses and therefore Mr. Hines was a career offender. *See* ECF 61 at 53-55. In 2007, U.S.S.G. § 4A1.2(a) was amended to state that for prior sentences where there is no intervening arrest, they are counted separately unless "(A) the sentences resulted from offenses contained in the same charging instrument, or (B) the sentences were imposed on the same day." Because there was no intervening arrest and because Mr. Hines was sentenced in both cases on the same day, the two cases should only count as a single offense. Presentence Report ("PSR") ¶ ¶ 38.72. As such, there is only one qualifying offense and Mr. Hines is no longer a career offender.

Accordingly, the applicable guidelines range is controlled by § 2B3.1. Per the PSR, the base offense level is 20. PSR at ¶ 25. Because a gun was possessed, the offense level would increase by 5 points pursuant to § 2B3.1(b)(2)(C), resulting in a final offense level of 25. Because he is no longer a career offender and because the Eastern District of Virginia cases now only account for a single offense, Mr. Hines has six criminal history points and a criminal history level of III. This results in a guidelines range of 70-87 months.

That range represents a fraction of the 216 months that Mr. Hines has served since his arrest on June 11, 2003. Notably, as confirmed by BOP counsel, with good time credit, Mr. Hines has served around 244 months, nearly the entirety of the original 262 month sentence imposed for Counts One, Five, and Seven.

Considering the particular circumstances of Mr. Hines's case, the parties agree that a time served sentence is reasonable and appropriate under 18 U.S.C. § 3553(a). Mr. Hines is now 52 years old and suffers from hypertension, as well as pulmonary embolism. While incarcerated, he contracted COVID-19. Due to his pulmonary embolism and issues with blot clots, Mr. Hines is unable at this time to take a COVID-19 vaccine. Upon release, Mr. Hines will live with his brother and hopes to get into the seafood business. The substantial time that he has served is sufficient to achieve the purposes of sentencing. Accordingly, the parties jointly request that this Court reduce his sentence on Counts One, Five, and Seven to time-served, with a 5-year term of supervised release.

The parties additionally agree that no hearing is required, *see, e.g. United States v. Sanchez*, No. RDB-92-301, ECF No. 739 (D. Md. Jan. 15, 2021), and that the joint request in this case is not precedential. Assistant United States Attorney Jonathan Tsuei has reviewed and approved this letter on the government's behalf. Thank you.

                                            Sincerely,

                                               /s/

                                          Jennifer E. Smith

cc:      Assistant United States Attorney Jonathan Tsuei